IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:08cr182-MHT |
| TIJUAN L. ROSE | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant Tijuan L. Rose's unopposed motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for January 5, 2009, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

>public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," id. § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Rose in a speedy trial.  Rose is charged with being a felon in possession of a firearm.  The primary evidence against him is the testimony of

2

witnesses who viewed the alleged possession; however, despite his efforts, Rose has been unable to locate these witnesses and does not believe he will be able to do so by January 5, 2009, the date for which trial is currently scheduled. The court's decision to grant this continuance is supported by the fact that, pursuant to 18 U.S.C. § 3161(h)(3)(A), "any period of delay resulting from the absence or unavailability of the defendant or an essential witness" is automatically excluded from the 70-day period.

Accordingly, it is ORDERED as follows:

(1) Defendant Tijuan L. Rose's motion for continuance (doc. no. 12) is granted.

(2) The jury selection and trial, now set for January 5, 2009, are reset for April 20, 2009, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 18th day of December, 2008.

      /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE